FILED
Oct 20  3 44 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE HEPBURN | : |
| VS. | : NO. 3:02CV1252 (MRK) |
| CITY OF TORRINGTON, MARQUAM JOHNSON, BOARD OF PUBLIC SAFETY OF THE CITY OF TORRINGTON, MARY JANE GRYNIUK and THOMAS GRITT | : : : : : OCTOBER 19, 2003 |

### LOCAL RULE 56(a)2 STATEMENT

*I*   *RESPONSES TO CLAIMS OF FACT BY DEFENDANTS CITY OF TORRINGTON, BOARD OF PUBLIC SAFETY, GRYNIUK AND GRITT:*

1. Agree.

2. Agree.

3. Agree.

4. Agree.

5. Agree.

6. Agree.

7. Agree.

8. Agree.

9. Agree.

10. Agree.

11. Agree.

12. Agree.

13. Agree.

14. Agree.

15. Agree.

16. Agree.

17. Agree.

18. Agree.

19. Disagree. Paragraph 11 of the Defendants' "Local Rule 9(c)(1) [sic] Statement" contains no reference to sexual harassment. (Defendants' "Local Rule 9(c)(1)[sic] Statement, ¶ 11)

20. Agree.

21. Disagree. (See Plaintiff's Statement of Facts, *post.*)

22. Disagree. The word "advances" is not the term plaintiff has used to describe the numerous instances of misconduct which are the subject of this litigation. Taken together, it is the plaintiff's contention that a sexually hostile work environment existed in the Torrington Fire Department.

23. Agree except for the word "advance" for the reasons stated above.

24. Agree.

25. Agree.

26. Agree.

27. Agree.

28. Disagree. Plaintiff believed Johnson was more concerned about the plaintiff's having filed a written memorandum memorializing the incident than anything else. (Plaintiff's deposition, p. 165)

29. Agree.

30. Agree when taken in isolation. However, taken together, the total atmosphere of sexual hostility and harassment did have such an effect. (Plaintiff's deposition transcript, p. 324-26)

31. Agree, except for the word "advances".

32. See response to Paragraph 30.

33. Agree, except for the word "advances".

34. Agree.

35. Agree.

36. Agree.

37. Agree.

38. Agree.

39. Agree.

40. Agree, except for the word "advances".

41. Agree.

42. Agree that Johnson made the statement. Otherwise, disagree.

43. See response to Paragraph 30.

44. Agree.

45. Agree.

46. Agree.

47. Agree, but irrelevant.

48. Disagree with the word "advances". The claim is irrelevant since there is no requirement in Title VII that remedies under collective bargaining agreements be exhausted.

49. Disagree, in that Deputy Chief Schapp did so and was disciplined for doing so. (See *post*.)

50. Disagree. See affidavits of Carpenter and Schapp, *post*.

51. Taken as a whole, they did so interfere. (See ¶ 30, *supra*.)

52. Agree.

53. Disagree. See Schapp affidavit, *post*.

54. Agree.

55. Agree.

56. Agree that Field made the statement.

57. Agree.

58. Agree.

59. Agree.

60. Agree.

61. Agree.

62. Agree.

63. Agree that Field refused permission.

64. Agree that Field made the statement.

65. Agree.

66. Agree.

67. Agree.

68. Agree, but a request should not have been necessary.

69. Agree that this was true as of the date of the plaintiff's deposition.

70. Agree.

71. Disagree. These are a matter of public record under Connecticut law.

72. Agree, except to the extent that Field, as Fire Chief, acts for the City.

73. Agree.

74. Agree.

75. Agree.

76. Agree.

77. Agree.

78. Agree.

79. Disagree with the word "requesting" as the letter on its face was an order.

80. Agree.

81. Agree.

82. Agree.

83. Agree.

84. Agree.

85. Agree.

86. Disagree. Stress is a form of psychological and emotional harm.

87. Agree.

88. Agree.

89. Agree.

90. Agree. So do we all.

91. Agree.

92. Agree.

## II    PLAINTIFF'S STATEMENT OF MATERIAL FACTS:

1. On 3/31/99 at approx. 12:00 p.m. Gayle Carpenter, defendant Johnson's secretary, was having a conversation with Deputy Chief Schapp. She was telling the Deputy Chief that her allergies were bad and she had to take steroids. Chief Johnson came out of his office and said "Won't it give you larger breasts? She was humiliated, embarrassed and upset. (Carpenter Interrogatory Responses, ¶ 18)

2. In April 1999 while looking at some paperwork Chief Johnson said to Ms. Carpenter: "Can' t you finger it out ?" (Ibid.)

3. Chief Johnson referred to Ms. Carpenter as "Babe" on numerous occasions. (Ibid.)

4. Chief Johnson said to Ms. Carpenter: "if you weren't my secretary I'd kiss you." (Ibid.)

5. Chief Johnson made a remark about Ms. Carpenter's lipstick. (Ibid.)

6. Chief Johnson always referred to "whacking pee-pees" with regard to disciplining the fire fighters. (Ibid.)

7. On or about November 3, 1998 Ms. Carpenter was struck in buttocks with photograph album. She was extremely upset. She spoke to D/Chief Schapp about the incident. She told Training Officer Hepburn about Johnson's actions. (Ibid.)

8. On or 9/13/99, "BITCH" was written on chalkboard. T/O Hepburn conveyed to defendant Johnson Ms. Carpenter's feeling that this was sexually degrading. (Ibid.)

9. On or about 9/14/99 "BITCH = FEMALE DOG" appeared on chalkboard in the Workout Room. (Ibid.)

10. When Ms. Carpenter informed Chief Johnson of a medical appointment he responded: "is it terminal ?" (Ibid.)

11. Chief Johnson was allowed to enter the Fire Department Building during his suspension a number of times, making the suspension appear to be a joke. (Ibid.)

12. Chief Johnson would continually tell Ms. Carpenter that the Fire Department is "a man's world". (Ibid.)

**13.    Offensive language of a sexual nature was written in the mezzanine area at the Fire Department and it remained there for an extended time. (Ibid.)**

**14.    Chief Johnson asked Ms. Carpenter in front of others if she was having a "hot flash". (Ibid.)**

**15.    Chief Johnson struck Ms. Carpenter on the buttocks while she was faxing a letter in dispatching. (Ibid.)**

16.    Timothy Schapp was the Deputy Chief of the Torrington Fire Department. (Schapp CHRO Affidavit, ¶ 1)

17.    On or about January, 1999, Deputy Chief Schapp reported to Mayor Gryniuk. that the Chief had engaged in inappropriate sexual behavior in the workplace which was very offensive and disturbing and were creating an intolerable and threatening work atmosphere. (Id. ¶ 3)

18.    Deputy Chief Schapp also spoke with Board of Safety Commissioners Telman and Potter, expressing his concerns about the Chief's behavior to them. (Id. ¶ 5)

18.    On another occasion, Chief Johnson grabbed an employee by the testicles. (Id. ¶ 10)

19.    Private Michael Solani reported to Deputy Chief Schapp that Chief Johnson pulled down his sweatpants in front of Mike's two young sons on an occasion when Mr. Solani brought his sons into Headquarters for a visit. Mr. Solani expressed his disapproval of that incident to the Chief. (Id. ¶ 13)

20.  Mary Robinson reported to Deputy Chief Schapp that the Chief had undressed in his office on more than one occasion, each time without closing the door. (Ibid.)

21.  Lieutenant Charles Warner reported to Deputy Chief Schapp that he was working as the dispatcher one evening, in the presence of Chief Johnson and several Volunteer Fire Chiefs. On that evening, Lt. Warner made an error in dispatching a vehicle, and Chief Johnson instructed him to "pull out his pee pee so that he [Chief Johnson] could whack it." (Ibid.)

22.  On June 1, 1999, Lieutenant David Starr informed Deputy Chief Schapp that after the Memorial Day Parade when the Color Guard was in formation, Chief Johnson was seen blowing into the ear of Private Mark Garrison. (Id. ¶ 14)

23.  On June 2, 1999, Deputy Chief Schapp again met with Mayor Gryniuk. I expressed his inability to continue working under the hostile, threatening and inappropriately sexual work environment created by the unchecked actions of Chief Johnson. (Id. ¶ 16)

24.  On June 9, 1999, Deputy Chief Schapp met with the Board of Safety and Mayor Gryniuk in executive session. He once again informed them of the hostile work environment at the Torrington Fire Department, and specifically the actions of Chief Johnson. (Id. ¶ 17)

25. On June 14, 1999, Deputy Chief Schapp was informed that the Board and the Mayor did not intend to take any steps to prevent further harassment or to address the hostile work environment. (Id. ¶ 18)

26. On June 17, 1999, Personnel Director Gritt instituted disciplinary proceedings against Deputy Chief Schapp because of his complaints about sexual harassment and misconduct in the Department. (Id. ¶¶ 22, 23)

27. On June 22, 1999, Deputy Chief Schapp received a one week suspension and a final written warning threatening him with termination for complaining about the sexually hostile work environment in the Fire Department. (Id. ¶¶ 24, 25)

THE PLAINTIFF

BY _____
JOHN R. WILLIAMS (ct00215)
51 Elm Street, Suite 409
New Haven, CT 06510
(203)562-9931
Fax: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
His Attorney

CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Attorney Martha A. Shaw at Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114; Edward Maum Sheehy, Esq., at Williams, Cooney & Sheehy, LLP, 799 Silver Lane, Trumbull, CT 04212; and Albert G. Vasko, Esq., 140 Main Street, Torrington, CT 06790.

JOHN R. WILLIAMS