FILED

Oct 30  I 16 PM '03

U.S DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                           :

LAWRENCE HEPBURN                     :
                                           :
        PLAINTIFF             :
                                           :
VS.                                 :     NO. 302CV01252(MRK)
                                           :
                                           :
CITY OF TORRINGTON          :     OCTOBER 30, 2003
MARQUAM JOHNSON            :
BOARD OF PUBLIC SAFETY OF THE  :
   CITY OF TORRINGTON        :
MARY JANE GRYNIUK and      :
THOMAS GRITT              :
                                           :
        DEFENDANTS         :
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

**REPLY BRIEF OF DEFENDANTS CITY OF TORRINGTON,
MARQUAM JOHNSON, BOARD OF PUBLIC SAFETY OF THE
CITY OF TORRINGTON, MARY JANE GRYNIUK AND THOMAS GRITT**

I.     **PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENTS.**

       A.    **There Are No Genuine Issues Of Material Fact In Dispute.**

           The following review of the paragraphs set forth below of

the plaintiff's Local Rule 56(a)(2) Statement as to the defendants

City of Torrington, Board of Public Safety, Mary Jane Gryniuk and

Thomas Gritt's Local Rule 56(a)(1) Statement where the plaintiff

answers "disagrees" (sic) shows that there are no genuine issues of

- 2 -

material fact in dispute and that the defendants are entitled to judgment as a matter of law in that the plaintiff either so testified at his deposition and/or the plaintiff in his Local Rule 56(a)(2) Statement as to the defendant Johnson's Local 56(a)(1) Statement has answered "agree" (sic) as follows:

1.  In regard to paragraph 19, paragraph 11 in the defendants Local Rule 56(a)(1) Statement should be paragraph 18;

2.  In regard to paragraphs 21, 22, 31, 33, 40, 48, 49, 50, 71 and 86, the plaintiff so testified at his deposition;

3.  In regard to paragraph 23, the plaintiff so testified at his deposition and see paragraph 18 of the plaintiff's Local Rule 56(a)(2) Statement as to the defendant Johnson;

4.  In regard to paragraph 28, the plaintiff so testified at his deposition and see paragraph 23 of the plaintiff's Local Rule 56(a)(2) Statement as to the defendant Johnson;

5.  In regard to paragraph 30, see paragraph 28 of the plaintiff's Local Rule 56(a)(2) as to the defendant Johnson;

- 3 -

6.  In regard to paragraph 42, see paragraphs 12 through 15 of the plaintiff's Local Rule 56(a)(2) Statement as to defendant Johnson;

7.  In regard to paragraph 43, see paragraph 28 of the plaintiff's Local Rule 56(a)(2) Statement as to the defendant Johnson;

8.  In regard to paragraph 48, see paragraph 38 of the plaintiff's Local Rule 56(a)(2) Statement as to the defendant Johnson;

9.  In regard to paragraph 51, the plaintiff so testified at his deposition and see paragraph 31 of the plaintiff's Local rule 56(a)(2) Statement as to the defendant Johnson;

10. In regard to paragraph 63, the plaintiff so testified at his deposition and see paragraphs 30 and 31 of the plaintiff's Local Rule 56(a)(2) Statement as to the defendant Johnson;

11. In regard to the paragraph 79, see Exhibit 27 attached to the defendant's Motion for Summary Judgment.

- 4 -

II.  **Section K Intentional Infliction Of Emotional Distress Of The
     Plaintiff's Brief In Opposition To Both Motions For Summary
     Judgment.** [1]

Whether a defendant's conduct is sufficient to satisfy the
requirement that it be extreme and outrageous is initially a
question of law for the court to determine.  **Appleton v. Board of
Education**, 254 Conn. 205, 210 (2000).  The plaintiff's four claims
for intentional infliction of emotional distress-Johnson's
statement of the plaintiff's "licking her [Gryniuk's] snatch," his
gesture with his hand simulating how a male relieves himself, the
incident with the pornographic videotape and the word "bitch" on
the chalkboard are not as a matter of law sufficiently extreme or
outrageous to support a claim for intentional infliction of
emotional distress. **Petton v. Ellis**, 200 Conn. 243, 254m.5 (1986);
**Appleton v. Board of Education**, **Supra** at 211; **Tavares v. Sam's
Club**, 178 F. Supp. 2d 96, 103 (D. Conn. 2001); **Pascal v. Storage
Technology Corp.**, 152 F. Supp. 2d 191, 214, 215 (D. Conn. 2001);
**Miner v. Town of Cheshire,** 126 F. Supp. 2d 184, 186, 187, 194, 195
(D. Conn. 2000).

In addition, the court should exercise its discretion and

---

[1]The plaintiff's brief does not contain numbered pages.

- 5 -

decline to exercise jurisdiction over the pendent state law claims-
intentional infliction of emotional distress, negligent infliction
of emotional distress, assault and battery, conspiracy and the
state constitutional claims. See: United Mine Workers of America
v. Gibbs, 383 US 715, 726 (1996); Lennon v. Miller, 66 F.3d 416,
426 (2d Cir. 1995).

III. **Section L The Statute Of Limitations Defense Of Plaintiff's
Brief**

Where a plaintiff files discriminatory claims with a state
agency, the District Court may hear only those claims involving
discriminatory acts that were raised that occurred within 180 days
of the date of the filing of the state claim. § 46a-82(e) Conn.
Gen. Stat. (Rev. to 1991) or 300 days from the claims brought under
Federal law § 42 USC § 2000e-5(e). Winn v. Greentree Card Credit
Corp., 159 F. 3d 759, 765 (2d Cir. 1998). These time limits are
mandatory. Williams v. Commission on Human Rights and
Opportunities, 54 Conn. App. 251, 255 (1999). Any alleged incidents
of discrimination that occurred prior to September 22, 2000 (300
days prior to filing of the claim with the Connecticut Commission
on Human Rights and Opportunities on July 18, 2001) (Paragraph 82

- 6 -

Statement) are time barred under both Federal and State law. The four specific instances of sexually abusive conduct occurred on July 15, 1998 (switching of videotape); August 25, 1999 (hand gesture simulating male urination); September 13, 1999 (word "bitch" on chalkboard) and mid-summer 1999 (Johnson's alleged statement that plaintiff was "licking [Gryniuk's] snatch" (paragraph 40 of Statement as amended) are all time barred.

In addition, the plaintiff filed the above entitled action on July 19, 2002. An action brought under 43 USC § 1983 is subject to a three year statute of limitations set forth in § 52-577 Conn. Gen. Stat. (Rev. to 1958). Thus, the plaintiff's claims concerning the switching of the videotape (July 15, 1998) and Johnson's alleged statement that the plaintiff was "licking [Gryniuk's] snatch" in mid-summer of 1999 are barred by the three year statute of limitations.

                                  THE DEFENDANTS
                                  CITY OF TORRINGTON
                                  MARQUAM JOHNSON
                                  BOARD OF PUBLIC SAFETY OF THE
                                       CITY OF TORRINGTON
                                  MARY JANE GRYNIUK and
                                  THOMAS GRITT


                                  BY _____
                                  EDWARD MAUM SHEEHY
                                  Williams, Cooney & Sheehy, LLP
                                  799 Silver Lane
                                  Trumbull, CT  06611-0753
                                  Fed. Bar # ct 04212
                                  Telephone:380-1741

- 7 -

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the date hereon to all counsel and pro se parties of record.

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

John J. Radshaw, III, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114

EDWARD MAUM SHEEHY