FILED
DEC 1  11 34 AM '03

UNITED STATES DISTRICT COURT
NEW HAVEN, CONN.
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE HEPBURN | : |
| VS. | : NO. 3:02CV1252 (MRK) |
| CITY OF TORRINGTON,<br>MARQUAM JOHNSON,<br>BOARD OF PUBLIC SAFETY OF THE<br>CITY OF TORRINGTON,<br>MARY JANE GRYNIUK and<br>THOMAS GRITT | :<br>:<br>:<br>:<br>: NOVEMBER 26, 2003 |

### BRIEF IN OPPOSITION TO MOTION TO STRIKE

Defendant Johnson moves to strike the sworn interrogatory answers of Gayle Carpenter and the sworn statement of Timothy Schapp, which the plaintiff submitted in opposition to his motion for summary judgment. He also moves to strike references in the plaintiff's Local Rule 56(a)2 Statement based upon those affidavits. The motion must be denied for the reasons delineated hereinafer.

***1. The evidence is not undisclosed or "surprise" evidence.***

The defendant disingenuously asserts that he was shocked to be confronted with the sworn interrogatory answers of Gayle Carpenter and the CHRO affidavit of Timothy Schapp. This is interesting, since they were served upon him at the time they were created. They were served upon him because he was a party to both cases. This argument is spurious in the extreme and should be rejected out of hand.

### 2. *The evidence is not hearsay.*

On its face, the evidence in question is based on personal knowledge and is not hearsay. Interestingly, in his long memorandum, the defendant fails to identify *anything* in either document which he claims is hearsay. He simply asserts in a blanket fashion that everything in each document fits that description. This is manifestly absurd.

### 3. *Even if some of the evidence were hearsay, it could be considered in opposition to the defendant's summary judgment motion.*

While hearsay may not ever be used in support of a motion for summary judgment, it may be used in opposition thereto if there is a sufficient basis for concluding that the evidence can be presented in admissible form at trial. "[T]he nonmoving party [need not] produce evidence in a form that would be admissible at trial in order to avoid summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). *Cf.*, McMillan v. Experian, 170 F. Supp. 2d 278, 281 (D. Conn. 2001); McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996); Williams v. Borough of West Chester, 891 F.2d 458 (3d Cir. 1990); Tetra Technologies, Inc. v. Harter, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993); Cerniglia v. LeVasseur, 19 Conn. L. Rptr. No. 4, 119 (1997).[1] "Evidence presented to defeat a summary judgment motion need not be in admissible form, but it must be admissible in content." Payne v. Pauley, 337 F.3d 767, 775 fn. 3 (7th Cir. 2003).

---

[1] "Affidavits submitted to defeat summary judgment must be admissible themselves or must contain evidence that will be presented in an admissible form at trial." Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001).

*CONCLUSION*

The motion to strike is insufficient on its face and lacking in merit. It must be denied.

Respectfully submitted:

JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203)562-9931
Fax: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Attorney Martha A. Shaw at Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114; Edward Maum Sheehy, Esq., at Williams, Cooney & Sheehy, LLP, 799 Silver Lane, Trumbull, CT 04212; and Albert G. Vasko, Esq., 140 Main Street, Torrington, CT 06790.

JOHN R. WILLIAMS